We should have two counsel in person here, Mr. Birch and Mr. Thieu, and we are now prepared to hear argument, and I apologize if I mispronounce it, Smagin v. Compagnie, etc. Mr. Birch, you may begin whenever you are ready. May it please the Court, Alexander Birch, on behalf of the appellant Vitaly Smagin, I would like to reserve five minutes of rebuttal for my time. At the heart of this appeal is whether a foreign person, here the appellant, may assert a claim under the RICO Act against a convicted criminal fugitive on the Interpol Red List now residing in Beverly Hills and his accomplices for injuries to a U.S. judgment against the California resident where the relevant conduct, at least in part, occurred within the U.S. And I take it that your efforts to collect on this judgment would have to occur within California against the Beverly Hills folks? That is correct. By nature of the California judgment only being enforceable in California, it is important that Mr. Yegazarian, who the judgment is against, resides in California. So there's no other place that we could go if we were to seek to enforce a judgment directly against him and his assets that he controls. That is correct, Your Honor. The district court dismissed Mr. Smagin's RICO claims for lack of standing under Rule 12b-6 because the court found that he did not plead a domestic injury. We submit that the district court's decision should be reversed because Mr. Smagin's alleged injury to his California judgment against a California resident is a domestic injury under the Supreme Court's decision in RJR Nabisco. Alternatively, if the court correctly determines that inquiry into a domestic injury must include, at a minimum, a review of the relevant RICO conduct, and the court finds that Mr. Smagin's allegations are under that standard insufficient... Well, I read your complaint with some interest. It sounds like a story, and it's interesting. But how do you, if we reverse this, how do you file an answer to that? Because you have so many facts alleged in each of these multiple things. How could you say, I admit to this sentence, but not that sentence, I deny the whole paragraph. How do you do that as a matter of practicality? And can you give complete relief in this thing by not including in your complaint an allegation with regard to one of your, the law firm, who allegedly was involved with the defendants? Major law firm in the United States. How do you, can you give complete relief when they're available to be sued and you haven't sued them? Your Honor, I'll try to parse through your question to the extent that I understand it, and forgive me if I don't, but as I understand the initial part of your question is how does one answer a complaint that is so detailed? There's no question this case has a long history, and most of that history is in a separate case, which I'll refer to as the enforcement action. That is a separate case where the judgment was actually entered. This case only deals with injury to that judgment. Counsel, isn't the, if we were to agree with you, the only question before us now is whether the complaint should have been dismissed for lack of standing. If we were to agree with you, does that prevent the district court from requiring a shorter and more concise complaint or requiring discovery or requiring anything else? No, it does not prohibit. And it doesn't preclude the district court from concerning itself with whether there are absent parties? No, it doesn't. The district court can make those inquiries if it so determines that those are necessary to proceed with the case. So, we wouldn't be getting in the district court's way to deal with any of those things if we were to agree with you on standing. That's correct, Your Honor. Okay. The case would then be remanded as it is, and the district court would still have any opportunity to do exactly what Your Honor just mentioned, to question whether or not the allegations need to be shortened or revised in some way. I mean, anything is possible. The court could look at whether it states a claim. It could look at anything else other than standing at that point. That's correct, Your Honor. Well, with respect to standing, does that depend for us to hold that you have standing? Do we have to hold that the judgment is property in California within the meaning of the Supreme Court's sentence? Well, I think you absolutely do have to hold that because the RICO statute itself only requires that we state that we've been injured in our business or property. And so, we have already stated, this court has already stated that a judgment is property. I'm not sure that that is very much debated, and I don't think even our opponents have debated that here. Right. But we have some dispute among the circuits as to whether this is tangible property that qualifies. And there is an argument that it's not, that this is not tangible property so that it therefore is not in California. The injury is not in California. It's where your client is or where the underlying activities took place. Isn't that correct? Yes, Your Honor. And I believe that reference to the other circuit court might be to the Seventh Circuit's Armada decision that found that the distinction between intangible and tangible property is relevant, in fact, is decisive in that case. Right. Well, why are they wrong, or why does that decision not apply here? Well, they are wrong because that inquiry, focusing on the characteristic of the property at issue, and here it is a judgment, is simply another way of saying that someone who has economic injuries feels that economic injury in their residence. And so that's just an extension of that rule, only it attempts to slice it into, for purposes of the RICO Act, stating that, well, not only are economic injuries felt in their residence, but economic injury to intangible property is really felt in their residence. That's the only way to actually get there under the intangible-tangible dichotomy. I'm not sure I totally followed your answer, but is it established that intangible property counts as property under RICO? That is a fair question. The RICO Act doesn't distinguish between intangible and tangible property. That's why I'm asking, because it seems to me that, certainly under California law, a judgment is intangible property. It can be executed upon tangible property, you know, the house in Beverly Hills or whatever. But it seems to me that that's kind of a going-in question. Well, I actually think their question is resolved by the statute itself. Had Congress intended only certain property, that it intended only to protect certain property under the RICO Act, it could have expressly said so in the Act itself. It didn't do so. And the RGR Nabisco decision does not change that result. Stepping back, looking at RGR Nabisco, the decision to include a domestic injury requirement in the RICO Act stems from its step two analysis as to whether or not a particular statute impermissibly is being applied extraterritorially. In this case, we have a domestic injury that is, we submit, you were going to, I'm sorry, the domestic injury here only informs the court as to what is the relevant conduct under the step two framework. What the Armada decision does is it looks at the characteristic of the property and then it eliminates the second step in the framework altogether because it is irrelevant. It doesn't look at the conduct whatsoever. The injury, in terms of how to decide the case under a domestic injury requirement under RGR Nabisco, the court simply looks at, well, what is the injury before the court? And once it looks at the injury, then it determines what the relevant conduct is that is applied to the statute's focus. Here we have wire fraud and we have witness tampering are the RICO conduct bases upon which this case is founded and upon which we allege there is a domestic injury. So applying the U.S. judgment to the wire fraud and the witness tampering, the court looks at that conduct as alleged in the complaint and determines, is that conduct in the U.S.? And if it is, then it is a permissible use or permissible extension of or application of the RICO Act in this case. It is not an impermissible, extraterritorial attempt to apply RICO Act to foreign conduct. Even if some of the acts are foreign, so long as there is sufficient U.S. conduct, that suffices under the RICO Act and it certainly suffices under a 12b6 standard in terms of Assuming that the judgment is property in the United States, isn't it? That's correct. That's correct. And the judgment actually is a confirmation of an award that was received overseas, right? Actually, that is correct. Here in this case, the judgment is a confirmation of an arbitration award issued out of London. We reference it as the London award in our complaint. But the allegations here involve the efforts specifically targeted at defeating collection under the California judgment. We didn't bring a claim saying that we have injury to the London arbitration award. That's not the claim here. The claim is specific to the California judgment. So that is a distinction and it's against a U.S. resident, also a distinction from several of the other cases that are cited in our brief. You're eating into your rebuttal time if you wanted to save. It's up to you. I think I will reserve the rest of my time for rebuttal. Thank you. Thank you. All right. We will next hear from Mr. Tu, I believe. Thank you, Your Honor. I'm Michael Tu on behalf of CMB Monaco. And because there are some overlapping issues among the appellees, we've divided it. I will do 12 minutes of argument, and then Mr. Stein, who is on the screen there, will have three minutes on behalf of his client. Let me ask you at the outset, in your view, is intangible property covered under RICO in general? Well, Your Honor, I think that's an open question. So, if I, as an Oregon resident, registered an Oregon judgment in California because one of the defendants lives in California, and I made these kinds of RICO allegations about witness tampering and wire fraud occurring in California, would that be dismissed for failure to state a RICO claim? I mean, clearly, I would have standing as a U.S. citizen. Is that RICO permissible to interfere with the collection of a judgment? So with respect to your question, I think there's two aspects to that. First, if you're asking me what the case law says about that, I believe it's an open question. I think that the courts have not definitively, in the Ninth Circuit, have definitively addressed that question. However, clearly, several circuits have held that intangible property that is foreign in nature, you don't have to ask. That's not my question. My question to you is about the RICO statute as it is worded. My question is about domestic RICO for now. Can you state a RICO claim about intangible property, such as a judgment? Well, so I don't believe those are the facts of our case. You don't have to answer my question. If you don't, I will assume the answer is unfavorable to your client, but I'll ask it one more time. Is intangible property, property within the meaning of the RICO statute? I believe that there is a good argument that intangible property should not be considered subject to the RICO statute. And what is your best case for that? Well, as I... About domestic RICO. Do you have a case that says that? I do not. I believe that it is an open question out there. And I do appreciate Your Honor's question. I wasn't trying to avoid it. What I was trying to also make the point about is that there are differences here in the terms of the alleged injuries that are made here against different defendants. Well, to go back to the example, if I were the one who was bringing this lawsuit and I live in Portland, Oregon, and I have lived in the United States my whole life, if intangible property can support a RICO claim, presumably I could execute on that judgment in California, and I could complain about criminality that prevents my doing so. So what is it about the fact that the plaintiff is Russian? What does that have to do with our inability to allow this to go forward? I think the issue with Your Honor's hypothetical, if you will, is that this is not a domestic injury that is being alleged because what you have here is... They're alleging the inability to collect on a California judgment in California against a California resident and California property. So what distinguishes my hypothetical is that the plaintiff is a foreigner. That's really the only distinction. And should that be enough to deny standing? So I would respectfully disagree that that's the only distinction here. I think that what is also important to realize here is that the alleged injury against my client, CMB, is the alleged interference with an attempt to collect money from a Monaco bank, from assets that are located in a foreign country in Monaco, and the only connection to the United States is that there is a district court order from Judge Klosner in which he confirmed an arbitration award that was made in London and that related to a Russian real estate dispute and involved, other than the primary defendant, if you will, here, Mr. Yegezerian, did not involve any other U.S. citizens or residents or any connection. But how does that relate to standing as opposed to saying, I'm not liable? Maybe you can collect against these California defendants, but you can't against me because it's a California judgment and I don't have any property in California, so you won't pay anything. But I don't understand what that has to do with standing. See, I think it goes to what is the domestic injury that is being alleged here against the particular defendants? Against my particular defendant that I represent, CMB, we're talking about something that is a different theory of harm, of injury, than it would be against these other counterparties that Mr. Smagen and Mr. Yegezerian and all these other parties have been engaged in this long-standing battle. CMB is a bank that had nothing to do with the underlying London arbitration, had nothing to do with- Well, if that's true, there may be a theory that is different than standing that might get your client out of the case, but we're not there. That's, I mean, my question to you is very similar to my question to opposing counsel. If the plaintiff has standing, it leaves the district court the opportunity to let your client out on some other theory. But the fact that one or two or some number of many defendants don't- you don't have property in California, or you weren't part of the conspiracy or whatever, or you didn't do anything illegal, those are other ways out of the Well, Your Honor, if I may, I believe that whether the plaintiff has standing needs to be evaluated with respect to each claim that they make against each defendant. And that's, I think, where the difference here is, is that, you know, I'm not here on behalf of a domestic client. I'm not here on behalf of a defendant that is- for whom it's been alleged that there was a domestic injury in the manner that you've described, right? With a California plaintiff, a California judge- Unless your client is found to have conspired with someone in California to help the Californian avoid paying the judgment, which, you know, is a different question about pleading. Well, I would disagree that you get to that question, because first you need the question of whether there is RICO standing against each defendant. And each defendant, I believe, needs to be looked at in an individual. You are representing whom? CMB Monaco, Your Honor, which is a private bank located in Monaco. It's not disputed in the record that it has no offices or employees or presence in the United States. It's a bank that's located solely in Monaco and does business outside of the United States. It's not subject to U.S. banking regulations or U.S. banking laws. Counsel, I am still struggling with your comment about standing as to every defendant, every claim. Standing is about the plaintiff and whether the plaintiff has an adequate stake to bring a lawsuit claiming an injury. And in this case, the question is, where is that injury? But once the — let's say I've been run over by a truck, and I sue a bunch of people, and some of them say, I wasn't there. I had nothing to do with this. I have standing. And the defendant who had nothing to do with it will be dismissed from the lawsuit for some other reason. But I don't understand, again, why that relates to standing, which is about the plaintiff and the plaintiff's injury. Well, Your Honor, what I would say is this question of domestic injury goes to whether there is standing under the RICO statute, subject matter standing, right, as opposed to personal jurisdiction. And as you know, we've briefed those issues. We believe that there are alternative grounds as well to dismiss on those grounds. Yes, except the district court didn't allow any discovery on those questions yet to, you know, to look into whether what you say about your client is correct. So if we disagree with you on standing, wouldn't there have to be discovery? Concerning jurisdiction? No, I don't believe so. Because the standard for jurisdictional discovery is if a prima facie case has first been met by the moving plaintiff. If, and I believe that that test is laid out in the Schwarzenegger case from this circuit, and is mentioned in our briefs. If the, if any plaintiff can simply say, we believe jurisdictional discovery, will result in facts that will support jurisdiction, but they don't put forward actually and make that showing. Well, they said you conspired with Californians to stand in the way of a California judgment. Well, I thought, let me jump in here for a minute. Maybe I'll just, I hope not to cloud the issue. But if they allege that certain things occurred without specificity in some fashion, and a fraud complaint, because that's what this is in a RICO claim. It's a fraud claim with specificity and say, well, you conspired. It's easy to say you conspired. But if this were in a criminal case, you'd have to say they conspired with this person, this person. And here's the means and modes and things and a specific time and effort to allege those things, which is not apparent here. They just say, it occurred. That's right, Judge Bacame. And not just in a criminal case, but in a civil case, of course. When you have fraud claims that are made in this kind of civil RICO context, it does require the heightened pleading standard. It requires the who, what, when, where, why that there are a lot of non-circuit cases in district courts. Could I make one other point, please? It's my understanding that the monies in your bank are sequestered. They file sort of an interpleader action saying, look, these warring parties are coming at me from all things. I'm not going to do anything until I get something that I can rely on before I do anything with that money. And so we can't affect that here, can we? Even in California judgment, you can't affect that, can you? Thank you, Your Honor. And that is exactly one of the reasons, I believe, that this court even in the RJR Nabisco case from the Supreme Court, it noted that comedy with foreign courts is a consideration that should be taken into account. What happened here is that CMB Monaco was given conflicting instructions on the same day by two different parties that both claimed to have authority over those assets, and it did what any responsible financial institution in the same situation would have done. It went to the court in Monaco, where the bank is located and the assets are located, and asked for the courts to make a judicial determination as to who owns the money. CMB has never taken a side on who should have the money. It simply will follow whatever the court order is. But you're right, there was a sequestration order. And I believe... Oh. Judge Shorter, did you have a question before? No. Okay. Thank you. Okay, thank you. You exceeded your time. Mr. Stein, you have three minutes. Thank you, Mr. Court. My name is David Stein, and I represent... Wait, wait, wait. We're getting terrible sort of feedback. I don't know if Callie can hear. Maybe turn down your microphone and try again. No, it's terrible. We're not going to be able to understand you. Can you turn that way just a little bit and speak now? Turn to your right. Can you please record? Didn't help. No, it doesn't help. I don't know if this was finally tested a few months ago. Yeah, it's almost incomprehensible. Okay, it's on your end, so I don't know what the problem is. Maybe get further away from the microphone. We usually tell people to get closer, but see if it helps. Thank you, Mr. Court. Is that any better? It's better enough. I think we'll be able to understand you. I apologize, Your Honor, and I'm just going to be adding a few brief points here. I represent the defendant, Mr. Thielen, who is a Luxembourg-based attorney who was brought into this matter based solely on two small allegations of involvement, many of which relate to the United States. As the court is aware, this case revolves around money that is sitting in Mr. Thielen's client's bank accounts, and it's owned by a trust called the Alpha Trust. I would like to focus only on the jurisdictional arguments that we've raised, as it pertains to Mr. Thielen, just very briefly. As Mr. Tu mentioned, the court can't affirm on any basis in the record, and we believe that Mr. Thielen was brought into this case improperly because there are no allegations in the complaint that tie him to the United States whatsoever. Mr. Thielen is alleged to have done two things. The first is that he was alleged to have signed a document making him what's called the protector of this Alpha Trust that is housing money from the London Arbitration Award, and the complaint does not allege that that was done in the United States. There is no connection, alleged in the complaint, to the United States with regards to that, and Mr. Thielen has submitted a declaration in support of his motion to dismiss at ER 169 through 71 that was undivided on reply brief by the plaintiff, even though they had an opportunity to do so. The second thing that's alleged as to Mr. Thielen in the complaint is that he removed some is not alleged to have occurred in the United States. It's alleged to have occurred in Europe, and so from the perspective of Mr. Thielen's involvement in the case, it is very, very attenuated. There's essentially two paragraphs in the complaint that apply to him, and for him to be dragged into court in the United States based on those two allegations we think is appropriate for this court to take up on appeal, even though it was not addressed by the district court. Yeah, well, that's my question. The district court didn't reach the question of jurisdiction, did it? I thought it threw this out on other grounds. The district court dismissed only on the standing argument. It did not address personal jurisdiction, which was raised both in my client's motion to dismiss, and we believe that the court just stopped after addressing standing and did not make it to that question at that time. But we do believe, based on, you know, all of the Ninth Circuit law applicable here, that this court can take up that issue independently. Thank you, counsel. Thank you. You have some rebuttal time remaining. Thank you, Your Honor. I would like to start with the example regarding the Oregon plaintiff having a judgment in the U.S. I think that is a great example because it identifies the issue head-on, and that is the effect of the ruling below essentially is that in order for my client to protect that judgment under the RICO Act, then my client would then have to sell his judgment to a U.S. resident or maybe move to the U.S., and then he would have standing. And the standing doctrine doesn't actually... But, counsel, we're not talking about the co-developer who's opposed to your client about taking the money, the dissolution of the funds and all that sort of thing. We're talking about the bank and Mr. Thielen here as opposed to the global aspects of the entire case as it relates to the resident of Russia who now resides in Beverly Hills and some of his relatives. That's the issue. But I've got a whole chart here that I'm looking at. It says all of the actions related to these two individuals occurred in Europe without any connection to the United States. How is that not a foreign action? Great question, Your Honor. I don't think so, but you can say so. Well, it really is because the struggle here is you do have what we allege are conspirators with a U.S. resident, and so we think the conspiracy allegations are sufficient, first, on their face under the complaint. Two, if you're looking for specific facts with respect to Mr. Thielen, Mr. Yegezerian signed a document and transmitted that document, presumably, we'll find out through discovery if permitted, sent that document to Mr. Thielen to become the false protector over the Alpha Trust. From California, he sent this? Yes, Your Honor. But you have to show criminal activity, not just that they had an association. That's old-fashioned conspiracy law. You've alleged conspiracy now. You have to show that he was a knowing, knowledgeable participant in the action, that he knew that Mr. Yegezerian was a corrupt person, allegedly. We don't disagree with that, and that might be a basis for failure to state a claim, but it's not a basis to dismiss based on lack of standing. I know that my time is running short. I would like to address one other piece with respect to Judge Schroeder's question regarding personal jurisdiction. The Mr. Thielen's counsel and CMB Monaco's counsel did make arguments regarding personal jurisdiction. They made good arguments, and they're free to do that in the Mr. Yegezerian's motion to dismiss. Nowhere in that motion to dismiss was any discussion of personal jurisdiction. It wasn't even before the court under that motion. It then dismissed the motions to dismiss as moot with respect to CMB Monaco's motion to dismiss and with respect to Mr. Thielen's motion to dismiss. So, not only was it not before the court, but it never considered as Judge Graber just said. And there was a request for discovery on the jurisdiction? Yes, there was a request for discovery on those personal jurisdictions. And the court didn't rule on that because it just got rid of the case on some other ground? That's correct, Your Honor. That's correct. All, and I'd like to close by making two points. First, all RICO Act injuries are economic injuries. And so no test should be submitted by this court that requires the court to look at whether or not the injury was suffered in any particular jurisdiction. Because they're all economic injuries, and under the economic injury rule, those injuries are suffered in the residence of that person. Are you aware of any cases that deal with whether intangible property, such as a judgment, counts as property for purposes of the RICO statute? Yes, I am. In fact, the Armada decision actually states that intangible judgment is property. The Taitung case from the District Court, Judge Carter here in California, states as much. I would also submit that the Bascanon 2 case from the Second Circuit also deals with intangible property and refused the distinction in that case because it focused on the relevant RICO conduct, their misappropriation, and found that it was a domestic injury. I do see that my time is running out. I would like to state that I appreciate the court opening its doors and allowing oral argument in person. I've been wanting to argue for this court for a long time. Well, we're happy to have people back in person, but we also are happy to accommodate folks, particularly those in faraway places. With that, we do ask that the court reverse the District Court's decision. Thank you. The case just argued is submitted, and we appreciate very much the helpful arguments from all three of you. We are going to reopen the hearing in Smagan v. Yagyosarian et al. And I understand that Mr. Yagyosarian, who is representing himself, Mr. Ashut Yagyosarian, wished to make an argument on his own behalf, and it was the court's mistake that that did not happen earlier. However, you have now three minutes, and this will be recorded and it will be provided to all the other counsel in the case as well as being publicly available. So with that, Mr. Yagyosarian, through an interpreter or otherwise, you may proceed. Hi. Good morning, Your Honor. Are you here? We can hear you. We can hear you fine. Thank you. My position is the argument in my pleading, which is document number 45. I join the bank and have nothing else to add. I am happy to answer any question which you may have for me. I don't believe that I have any additional questions, Judge Macmee. I just want to — are you a resident of California, and are you a United States citizen, or just here on a green card visa? Can my translator? Yes. Are you a resident of California? I am here with all the permissions that I have to be a resident of the United States. I am not a citizen of the United States. Thank you. Are there any other questions? I believe that's all. And again, our apologies that you were not in the Zoom argument to begin with, but we appreciate your comments. And the case is now resubmitted for decision. Thank you. Thank you. And with that, we will conclude this morning's session.
judges: SCHROEDER, GRABER, McNamee